IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| OTMAR PETER WITTINE,<br><br>   Plaintiff,<br><br>vs.<br><br>GPD OFFICER BEASLEY; GPD SGT. MILLS; GPD CHIEF HICKMON; and DA BRETT IRIGOIN,<br><br>   Defendants. | Cause No. CV 21-91-BLG-SPW-TJC<br><br>ORDER |

On August 19, 2021, Plaintiff Wittine, a self-represented state pretrial detainee, moved to proceed in forma pauperis with a complaint alleging that officials at the Dawson County Correctional Facility are violating his rights by interfering with his ability to report crimes against him. *See* Compl. (Doc. 2) at 5.

## I. Motion to Proceed In Forma Pauperis

Wittine adequately demonstrates that he is not able to pay the full filing fee at this time. *See* Mot. (Doc. 1); Account Statement (Doc. 1-1). His motion to proceed in forma pauperis will be granted. *See* 28 U.S.C. § 1915(a)(1).

Because Wittine is a prisoner, *see id.* § 1915(h), he is still required to pay a $350.00 filing fee in installments taken from his inmate trust account and

1

consisting of 20% of each month's deposits into the account, provided the balance is at least $10.00. The Court will waive the initial partial filing fee because it is not clear, in view of his filing of three actions, that Wittine could pay it. The total fee and the rate of withdrawal are established by Congress and cannot be altered by the Court. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). A collection order accompanies this Order.

## II.  Screening

Because Wittine is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## III.  Allegations of the Complaint

Wittine, a pretrial detainee, alleges that Defendant Beasley claimed to take Wittine's report of criminal activity but actually failed to relay it to the responsible authorities. Because Wittine was attempting to report a crime against himself, he

was upset that Beasley was unable to provide him with the number of the police report or any other documentation of Beasley's actions in response. Wittine then wrote letters or grievances to Defendants Sergeant Mills, Glendive Police Chief John Hickman, and County Attorney Brett Irigoin. None of them took any evident action with respect to either Wittine's report or his accusation that Officer Beasley lied to him.

For his relief, Wittine seeks declaratory relief, injunctive relief in the form of prosecution of the crimes he reported, compensatory damages of at least $200,000, punitive damages, and costs. *See* Compl. at 5, 16.

### IV.  Analysis

Wittine asserts federal-question jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. *See* Compl. at 3 ¶ II(A), (B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Campbell v. State of Washington Dep't of Soc. and Health Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011).

Under the First Amendment, prisoners have a right to petition the government for redress of grievances, *see, e.g.*, *Jones v. Williams*, 791 F.3d 1023,

3

1035 (9th Cir. 2015), including the reporting of crimes. Prisoners also have a right, subject to reasonable restrictions, to correspond with persons outside the jail, including law enforcement entities and county attorneys. *See, e.g.*, *Procunier v. Martinez*, 416 U.S. 396, 408–09 (1974), *distinguished and overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989); *Lane v. Salazar*, 911 F.3d 942, 946–48 (9th Cir. 2018) (applying *Procunier*).

Prisoners do not, however, have a constitutional right to report crimes through a jail's grievance process. *See, e.g.*, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Further, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). And "[t]he police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty or property." *Gini v. Las Vegas Met. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) (citing *DeShaney v. Winnebago County*, 489 U.S. 189, 195–96 (1989)).

Wittine's exhibits demonstrate that no one deprived him of the ability to present grievances and report crimes to public employees or officials. He made his report and his grievances known to several public employees or officials. *See*

Compl. Ex. (Doc. 2-1) at B2, B4 (Beasley), B6–B8, C7–C16, C20–C22 (Hickman), C1–C6, C17–C19, C23–C25 (Irigoin), C26–C28 (Mills); *see also id*. A1 (directing Wittine to send a kite or consult his lawyer), B5 (Assistant Chief responding to Wittine's inquiry). The facts Wittine alleges do not violate the First Amendment.

Wittine also cites the Fourteenth Amendment. *See* Compl. (Doc. 2) at 3 ¶ II(B). The First Amendment applies to the States through the Fourteenth. *See, e.g.*, *Edwards v. South Carolina*, 372 U.S. 229, 235 (1963). And First Amendment rights are protected liberty interests. *See Procunier*, 416 U.S. at 418. But even if a jail does not follow its own grievance process, such failure does not, by itself, deprive inmates of their First Amendment rights. Wittine's ability to present grievances and reach out to public officials outside the jail grievance process shows he was not deprived of a liberty interest.

## V. Conclusion

Wittine's complaint does not allege facts supporting an inference that any of the Defendants deprived him of his First Amendment right to petition for redress of grievances or report crimes. Because the facts he alleges do not violate the Constitution, amendment could not cure the defects of the complaint. The law governing the case is well-established and not subject to dispute among reasonable

5

jurists. An appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B). The complaint should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

## ORDER

Wittine's motion to proceed in forma pauperis (Doc. 1) is GRANTED.

The Court also enters the following:

## RECOMMENDATION

1. Wittine's complaint (Doc. 2) should be DISMISSED WITH PREJUDICE and without leave to amend for failure to state a claim on which relief may be granted.

2. The docket should reflect that Wittine's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

3. The District Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Wittine may object to this Findings and Recommendation within 14 days.

*See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Wittine must immediately advise the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 13th day of October, 2021.

  */s/ Timothy J. Cavan*
  Timothy J. Cavan
  United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.